UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE TSAI, | Case No. 17-cv-00614-DMR |
| Plaintiff, | |
| v. | **ORDER ON DEFENDANT'S MOTION TO DISMISS** |
| WESLEY WEILI WANG, | Re: Dkt. No. 20 |
| Defendant. | |

Defendant Wesley Weili Wang moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Joe Tsai's complaint. [Docket No. 20.] This matter is suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the following reasons, Defendant's motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiff makes the following allegations in his complaint, all of which are taken as true solely for purposes of Defendant's motion to dismiss.[1] Plaintiff is a reseller of fine wines, and alleges upon information and belief that Defendant is "in the business of purchasing, selling, and holding fine wines." Compl. ¶¶ 6, 7. Plaintiff alleges that on April 4, 2011, he and Defendant "entered into an oral agreement wherein Defendant agreed to purchase wines on behalf of Plaintiff and as Plaintiff's agent," and Defendant "agreed to deliver wines to Plaintiff as they were purchased." *Id*. at ¶ 8. Between April 2011 and April 2012, Plaintiff paid a total of $3,556,384 to Defendant for the purchase of wines, and "Defendant accepted Plaintiff's payments and orders of wines and agreed to purchase wines on behalf of Plaintiff and as Plaintiff's agent." *Id*. at ¶ 11.

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

However, Defendant only delivered and shipped wines totaling $2,436,862.58 in purchase price, and "failed to deliver the remainder of wines from numerous sales orders or return Plaintiff's money, the valued [sic] of which is at least $1,110,737.42." *Id*. at ¶ 12. Plaintiff alleges on information and belief that Defendant used Plaintiff's money to buy wine but kept it for himself. *Id*.

Plaintiff made numerous demands for the delivery of the remainder of the wines purchased with his money and/or a return of his money. Specifically, Plaintiff spoke with Defendant by telephone in late January 2015, and Defendant told Plaintiff "to follow up with him in three months." *Id*. at ¶ 14. In April 2015, Plaintiff sent a representative to meet with Defendant. Plaintiff alleges that during this meeting, Defendant said that the wines he purchased on behalf of Plaintiff were "in proper storage" and promised to "a) deliver the wines and b) return Plaintiff's money for any unpurchased wines or purchased but undeliverable wines by the end of 2015." *Id*. at ¶ 15. Plaintiff alleges upon information and belief that "Defendant made that promise knowing it to be false an[d] intending to deceive Plaintiff and to induce Plaintiff to continue to rely on Defendant to honor their agreement." *Id*. At an in-person meeting in September 2015, Defendant admitted that he owed Plaintiff money, and informed Plaintiff that he had sold some of the wines he had purchased on Plaintiff's behalf but had used the proceeds, as well as other funds from Plaintiff, to pay for his defense in a criminal matter. *Id*. at ¶ 16. Plaintiff alleges that he "has done everything he was obligated to do, but, to date, Defendant has failed to deliver the wine or issue a refund." Plaintiff asserts that Defendant owes him at least $1,110,737.42. *Id*. at ¶ 18.

Plaintiff further alleges that Defendant has delivered counterfeit wines. Plaintiff alleges on information and belief that "Defendant delivered the counterfeit wine intending to deceive Plaintiff into believing that he had purchased rare and valuable wine, when the bottles in fact contained a cheap substitute." *Id*. at ¶ 13. In particular, Defendant sent Plaintiff four bottles of wines that were "falsely labeled 1990 Henry Jayer Vosne-Romanee 1st Cru Cros Parantoux." *Id*. Plaintiff paid Defendant a total of $26,600 for fake wine. *Id*.

Plaintiff filed suit against Defendant on February 7, 2017 asserting sixteen claims related to the parties' alleged oral agreement. Defendant now moves to dismiss all of Plaintiff's claims.

## II.     LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

## III.     DISCUSSION

### A.     Fraud

Plaintiff's first claim is "actual fraud." Plaintiff alleges that Defendant delivered wines to Plaintiff on September 22, 2015. That delivery included at least four bottles labeled 1990 Henri Jayer Vosne-Romanee 1st Cru Cros Parantoux (the "Jayer wines") that were fake. Compl. ¶ 20. Plaintiff alleges that Defendant misrepresented to Plaintiff that the wines were authentic and/or concealed from Plaintiff the fact that the wines were fake, and that Defendant knew that the wines were fake. *Id.* at ¶¶ 21, 23. Plaintiff also claims that he reasonably relied on Defendant's misrepresentation and brought the wines to Acker Merrall & Condit Company ("Acker") for resale at auction. On August 17, 2016, Acker informed Plaintiff that the four bottles of Jayer wine "were problematic." *Id.* at ¶ 26.

To state a claim for fraud, Plaintiff must allege "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or 'scienter'); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (quotation omitted). "Each element in a cause of action for fraud . . . must be factually and specifically alleged." *Cadlo v. Owens-Illinois*, Inc., 125 Cal. App. 4th 513, 519 (2004). Allegations of fraud must be stated with "specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007) (*quoting Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (averments of fraud must include "the who, what, when, where, and how" of the misconduct charged). Vague or conclusory allegations are insufficient to satisfy Rule 9(b)'s particularity requirement. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). "A party alleging fraud must 'set forth *more* than the neutral facts necessary to identify the transaction.'" *Kearns*, 567 F.3d at 1124 (quoting *In re GlenFed, Inc. Sec. Litig*., 42 F.3d 1541, 1548 (9th Cir. 1994)).

Plaintiff does not adequately plead the alleged misrepresentations. Rule 9(b) requires that a party "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiff's conclusory allegations fail to convey the "time, place, and specific content" of the misrepresentations made by Defendant about the authenticity of the Jayer wines. As such, they are not "specific enough to give [Defendant] notice of the particular misconduct which is alleged to constitute the fraud charged so that [he] can defend against the charge and not just deny that [he has] done anything wrong." *Neubronner v. Milken,* 6 F.3d 666, 671 (9th Cir.1993) (quotation omitted).

The fraud claim is also insufficiently pleaded as to knowledge of falsity, or scienter. Although Rule 9(b) permits that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," it does not give license to Plaintiff to rest on conclusory statements. "[N]othing in the Federal Rules of Civil Procedure relieves a plaintiff of the obligation to 'set forth facts from which an inference of scienter could be drawn.'" *Oestreicher v.*

*Alienware Corp.*, 544 F. Supp. 2d 964, 968 (N.D. Cal. 2008) (quoting *Cooper v. Pickett,* 137 F.3d 616, 628 (9th Cir.1997)). Here, Plaintiff does not allege any facts beyond conclusory assertions to support an inference that Defendant knew the Jayer wines were fake.

Finally, Plaintiff alleges on information and belief that "Defendant delivered the counterfeit wine intending to deceive Plaintiff into believing that he had purchased rare and valuable wine, when the bottles in fact contained a cheap substitute." *Id*. at ¶ 13. Again, the complaint contains no factual allegations to support this statement. This is insufficient, because "a plaintiff who makes allegations on information and belief must state the factual basis for the belief." *Neubronner*, 6 F.3d at 672.

Plaintiff's first claim for relief for fraud is dismissed with leave to amend.

### B. Concealment Fraud

Plaintiff's second claim for relief is concealment fraud. Plaintiff alleges that starting on April 4, 2011, Defendant "agreed to undertake on behalf of Plaintiff and for the benefit of Plaintiff in the purchase of wines," and that Defendant was Plaintiff's agent for wine purchases and owed Plaintiff a fiduciary duty. Compl. ¶ 30. He further alleges that Defendant had a duty to disclose that the Jayer wines were fake, but instead concealed that fact from Plaintiff. *Id*. at ¶¶ 33, 34.

A claim for fraudulent concealment under California law "requires knowing concealment or non-disclosure by a defendant with the intent to defraud, which induces justifiable reliance and causes injury to the plaintiff." *625 3rd St. Assocs., L.P. v. Alliant Credit Union*, 633 F. Supp. 2d 1040, 1050 (N.D. Cal. 2009). "Fraud or deceit may consist of the suppression of a fact by one who is bound to disclose it or who gives information of other facts which are likely to mislead for want of communication of the fact." *Id*. Accordingly, in order to state a claim for fraudulent concealment, "there must be allegations demonstrating that the defendant was under a legal duty to disclose those facts." *Los Angeles Mem'l Coliseum Comm'n v. Insomniac, Inc*., 233 Cal. App. 4th 803, 831 (2015). A plaintiff can make that showing by alleging that (1) the defendant had a fiduciary relationship with the plaintiff; (2) the defendant exclusively knew material facts not known to the plaintiff; (3) the defendant actively concealed a material fact from the plaintiff; or (4) the defendant made partial representations, while also suppressing some material facts. *See id*. In

United States District Court
Northern District of California

the absence of a fiduciary relationship, "the duty to disclose generally presupposes a relationship grounded in some sort of *transaction* between the parties.  Thus, a duty to disclose may arise from the relationship between seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual relationship." *Id*. (internal citations and quotation omitted).  "All of these relationships are created by transactions between parties from which a duty to disclose facts material to the transaction arises under certain circumstances." *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997).

Defendant argues that Plaintiff's concealment fraud claim is insufficient because the complaint does not allege facts establishing that the Jayer wines were fake or that Defendant knew that they were fake.  The court concludes that Plaintiff has sufficiently pleaded that the Jayer wines were fake by alleging that "some of the wines actually delivered by Defendant were counterfeit," and that "[a]mong the counterfeit wine Defendant sent Plaintiff were [the Jayer wines]."  Compl. ¶ 13.  However, as discussed above, Plaintiff has not sufficiently pleaded that Defendant *knew* that the Jayer wines were fake, because Plaintiff's allegations about such purported knowledge are entirely conclusory.

Defendant also argues that Plaintiff does not sufficiently plead that Defendant had a legal duty to disclose to Plaintiff that the Jayer wines were fake.  In response, Plaintiff asserts that he has pleaded facts establishing a fiduciary relationship between the parties, which would obligate Defendant to disclose this information to Plaintiff.  *See Insomniac*, 233 Cal. App. 4th at 831.  "A fiduciary relationship is any relation existing between parties to a transaction wherein one of the parties is . . . duty bound to act with the utmost good faith for the benefit of the other party." *Gilman v. Dalby*, 176 Cal. App. 4th 606, 613 (2009) (quotation and citation omitted).  "A fiduciary's power to transact business with his beneficiary is severely limited; he must use the utmost good faith and, if he profits from the transaction, the law presumes the agreement was entered into by the beneficiary without sufficient consideration and under undue influence." *Comm. On Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197, 222 (1983) (quotations omitted).  "The obligation to put the interests of the other party first is why a fiduciary relationship generally does not arise out of ordinary arms-length business dealings.  In a typical

6

business contract or relationship, one party does not commit to act in the other party's best interest rather than in its own." *World Surveillance Grp. Inc. v. La Jolla Cove Investors, Inc.*, 66 F. Supp. 3d 1233, 1235 (N.D. Cal. 2014). "In the commercial context, traditional examples of fiduciary relationships include those of trustee/beneficiary, corporate directors and majority shareholders, business partners, joint adventurers, and agent/principal." *Id.* at 614. "Inherent in each of these relationships is the duty of undivided loyalty the fiduciary owes to its beneficiary, imposing on the fiduciary obligations far more stringent than those required of ordinary contractors." *Wolf v. Superior Court*, 106 Cal. App. 4th 25, 30 (2003).

Here, Plaintiff alleges that the parties "entered into an oral agreement wherein Defendant agreed to purchase wines on behalf of Plaintiff and *as Plaintiff's agent*." Compl. ¶ 8 (emphasis added). Plaintiff further alleges that "Defendant agreed to undertake to act on behalf of Plaintiff and for the benefit of Plaintiff in the purchase of wines." *Id.* at ¶ 30. These conclusory allegations do not plead any facts to support that Defendant agreed to act as Plaintiff's agent. "An agent is one who represents another, called the principal, in dealings with third persons." Cal. Civ. Code § 2295. "An agent has such authority as the principal, actually or ostensibly, confers upon him." Cal. Civ. Code § 2315. Plaintiff does not allege any facts about the definite terms and obligations of the parties under an agreement. For example, Plaintiff does not allege whether Defendant had authority to represent Plaintiff in dealings with any third parties under the terms of their agreement. Nor does Plaintiff allege facts to support an inference that Defendant knowingly undertook the duty of putting Plaintiff's interests before his own and acting as Plaintiff's fiduciary. Since the complaint does not sufficiently plead that the parties had a fiduciary relationship or that Defendant knew that the Jayer wines were fake, Plaintiff's second claim for relief for concealment fraud is dismissed with leave to amend.

### C. Promissory Fraud

Plaintiff's third claim is for promissory fraud. Plaintiff alleges that starting on April 4, 2011, Defendant promised to deliver wines to Plaintiff as they were purchased, and that Defendant made the promises with the intent to deceive Plaintiff and/or induce Plaintiff to give him money. Compl. ¶¶ 42, 43. Plaintiff further alleges that in April 2015, he sent a representative to meet with

Defendant, and that Defendant promised to deliver the remaining wines already purchased and return Plaintiff's money for any unpurchased or undeliverable wines by the end of 2015. *Id.* at ¶ 47. According to Plaintiff, Defendant did not intend to deliver the wines or return Plaintiff's money when he made his promises, and made the promises with the intent to deceive Plaintiff. Defendant instead used Plaintiff's money to pay the legal fees he incurred as a result of his criminal case. *Id.* at ¶ 49.

"An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract." *Lazar v. Superior Court,* 12 Cal.4th 631, 638 (1996). "'Promissory fraud' is a subspecies of the action for fraud and deceit . . . where a promise is made without [ ] intention to perform, there is an implied misrepresentation of fact that may be actionable fraud." *Id.* Like all fraud claims, allegations of promissory fraud must be stated with particularity. *See id.* at 645. "A statement is not necessarily fraudulent merely because it is contradicted by later-discovered facts." *Richardson v. Reliance Nat. Indem. Co.*, No. C 99-2952 CRB, 2000 WL 284211, at *4–5 (N.D. Cal. Mar. 9, 2000) (citing *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)). Under Rule 9(b), a plaintiff must plead facts establishing the falsity of a statement at the time it is made. *See id.* "The rule therefore precludes plaintiff from simply pointing to a statement by a defendant, noting that the content of the statement 'conflicts with the current state of facts,' and concluding that 'the charged statement must have been false' at the time it was made." *Id.* (citing *GlenFed*, 42 F.3d at 1548). Instead,

> a plaintiff must set forth, as part of the circumstances constituting fraud, an explanation as to why the disputed statement was untrue or misleading when made. This can be done most directly by pointing to inconsistent contemporaneous statements or information (such as internal reports) which were made by or available to the defendants.

*GlenFed*, 42 F.3d at 1549. Moreover, "a plaintiff must point to *facts* which show that defendant harbored an intention not to be bound by terms of the contract at formation." *Hsu v. OZ Optics Ltd.*, 211 F.R.D. 615, 620 (N.D. Cal. 2002) (emphasis in original).

Here, Plaintiff alleges two separate promises by Defendant that he claims were fraudulent when made: Defendant's April 2011 promise "to deliver wines to Plaintiff as they were

8

United States District Court
Northern District of California

purchased," and his April 2015 promise to "deliver the remaining wines already purchased and . . . return Plaintiff's money" for any unpurchased or undeliverable wines by the end of 2015. *See* Compl. ¶¶ 42, 47. This claim fails as currently pleaded. Plaintiff's bare allegations merely state that Defendant had no intention to honor the parties' agreement by delivering the wines and/or returning the money. *See id.* at ¶ 49 ("Defendant did not intend to deliver wines or return Plaintiff's money when they made their promises."). This is inadequate; a plaintiff "fail[s] to plead fraud with specificity as required by Rule 9(b)" by merely alleging that "[defendant] had no intention to be bound by the terms as agreed." *Nikoonahad v. Rudolph Techs., Inc.*, No. C 08-2290 JF (PVT), 2008 WL 4065831, at *4 (N.D. Cal. Aug. 27, 2008) (citing *Hsu*, 211 F.R.D. at 620). Simply pointing to Defendant's alleged failure to perform under the parties' agreement is insufficient to establish Defendant's fraudulent intent. *See Canard v. Bricker*, No. 14-CV-04986-JSC, 2015 WL 846997, at *6 (N.D. Cal. Feb. 25, 2015) (collecting cases).

The court also concludes that the allegations in the complaint fail to give rise to a plausible inference that Defendant did not intend to honor his promises to deliver wines to Plaintiff at the time he made them. As to the first promise, Plaintiff asserts that starting on April 4, 2011, Defendant promised to deliver wines to Plaintiff as they were purchased. As to the second, Defendant allegedly promised in April 2015 to deliver the wines purchased on Plaintiff's behalf by the end of 2015. Compl. ¶¶ 42, 47. Plaintiff alleges that that Defendant actually delivered wines in May 2011 and November 2011, and alleges that Defendant delivered wines again on September 22, 2015, only some of which were fake. *Id.* at ¶¶ 10, 20. Therefore, Plaintiff admits that Defendant delivered wines from May 2011 until at least September 2015, rendering Plaintiff's promissory fraud claims based on Defendant's promises to deliver wines implausible.

Plaintiff's promissory fraud claim is dismissed with leave to amend.[1]

### D. Breach of Contract

Plaintiff's fifth claim is for breach of contract. He alleges that on April 4, 2011, "Plaintiff

---

[1] Since the court finds that Plaintiff has failed to state a claim for promissory fraud, the court will not address Defendant's argument that Plaintiff's fraud-based claims may be barred by the economic loss rule.

and Defendant entered into an oral contract for the purchase of fine wines," and that he wired a total of $3,556,384 to Plaintiff for the purchase of wines. Compl. ¶ 71. Further, "Defendant accepted Plaintiff's payment and order of wines and agreed to purchase on behalf of Plaintiff and as Plaintiff's agent and deliver wines to Plaintiff as they were purchased." *Id*. Plaintiff alleges that although he performed under the contract, Defendant has performed only some of its obligations, since he has delivered and shipped only $2,436,862.58 worth of wine. *Id*. at ¶ 73. He has failed to deliver the remainder of wines purchased with Plaintiff's money or return Plaintiff's money for unpurchased or undeliverable wines. *Id*. at ¶ 74. Defendant moves to dismiss Plaintiff's breach of contract claim, arguing that the complaint does not sufficiently allege the existence of a contract and that the claim is time-barred.

The elements of a claim for breach of contract are: "(1) the existence of the contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1141–42 (N.D. Cal. 2013). "To allege the existence of a contract, a plaintiff must plead [1] mutual assent, [2] sufficiently definite contractual terms, and [3] consideration." *Id*. As to the first element, "[c]ontract formation requires mutual consent, which cannot exist unless the parties agree on the same thing in the same sense." *Bustamante v. Intuit, Inc.,* 141 Cal. App. 4th 199, 208 (2006) (quotations omitted). Second, a contract must be sufficiently definite, so that the court may "ascertain the parties' obligations and . . . determine whether those obligations have been performed or breached." *Ersa Grae Corp. v. Fluor Corp.*, 1 Cal. App. 4th 613, 623 (1991). As to the third element, California law defines "good consideration" to support a contract as follows:

> Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise.

Cal. Civ. Code § 1605.

Plaintiff's complaint insufficiently alleges consideration to support the alleged contract. "When a promise is given by one party to another, without anything being bargained for or given

in exchange for it, the promise is without consideration." *Nault v. Smith*, 194 Cal. App. 2d 257, 265-66 (1961) (citation omitted). In an oral contract, consideration must be pleaded. *Castro v. JPMorgan Chase Bank, N.A.*, No. 14-CV-01539 NC, 2014 WL 2959509, at *2 (N.D. Cal. June 30, 2014) (citing *Acheson v. W.U. Tel. Co.*, 96 Cal. 641, 644 (1892)). The complaint alleges that Defendant "agreed to purchase on behalf of Plaintiff and as Plaintiff's agent and deliver wines to Plaintiff as they were purchased," (Compl. ¶ 71), but does not allege that Defendant received any bargained-for compensation, benefit, or promise from Plaintiff in exchange for his performance. Accordingly, Plaintiff has failed to allege the existence of a contract between the parties.

Defendant also argues that Plaintiff's breach of contract claim is time-barred. Under California law, oral contracts are subject to a two-year statute of limitations. Cal. Code Civ. Proc. § 339(1); *Boon Rawd Trading Int'l Co., Ltd. v. Paleewong Trading Co., Inc.*, 688 F. Supp. 2d 940, 948 (N.D. Cal. 2010). A claim for relief accrues at "the time when the cause of action is complete with all of its elements." *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999). "An important exception to this rule of accrual, however, is the 'discovery rule,' which postpones accrual until the plaintiff discovers, or has reason to discover, the facts underlying the cause of action." *Boon Rawd*, 688 F. Supp. 2d at 948. Here, Plaintiff alleges that Defendant breached the parties' agreement when he "failed to deliver the remainder of wines purchased with Plaintiff's money or return Plaintiff's money for any unpurchased wines or wines purchased but undeliverable." Compl. ¶ 74. Plaintiff also alleges that "he has made numerous demands for the delivery of the remainder of wines purchased with his money, and/or a return of his money that has not been used to purchase wines, including a telephone call in late January of 2015 to Defendant's cellular phone." *Id*. at ¶ 14. Based on these facts, Plaintiff's breach of contract claim may be time-barred, since it appears that Plaintiff knew by January 2015 that Defendant was in breach of their oral agreement by failing to deliver wines purchased with his money and/or return any money that had not been used to purchase wines but did not file the present lawsuit until February 7, 2017, over two years later. However, Plaintiff's allegations about the parties' agreement are so sparse that the court cannot say definitively that Plaintiff is unable to allege a breach of contract claim that is not time-barred. Accordingly, the court dismisses this claim with leave to amend.

### E. Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiff's sixth claim is for breach of the implied covenant of good faith and fair dealing. He alleges that Defendant "breached the implied covenant of good faith and fair dealing by failing and refusing and continuing to refuse to tender their performance as required by the contract. Defendant has failed to deliver the remainder of wines purchased with Plaintiff's money or return Plaintiff's money for any unpurchased wines or wines purchased but undeliverable." Compl. ¶ 80.

This claim fails for the same reasons that his breach of contract claim fails. "California law . . . provides that a covenant of good faith and fair dealing is an implied term in every contract." *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 996 (9th Cir. 2002). Thus, any action for breach of the implied covenant requires the existence of a contract. *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 525 (2013). As discussed above, Plaintiff failed to plead the existence of a contract, since he does not allege any consideration to support the parties' agreement. Accordingly, his claim for breach of implied covenant of good faith and fair dealing also fails. This claim is subject to the same two-year statute of limitations as the breach of contract claim. *See Boon Rawd*, 688 F. Supp. 2d at 953. As discussed above, Plaintiff's breach of contract claim appears to have accrued in January 2015. His breach of the implied covenant of good faith and fair dealing claim is based upon the same conduct as the breach of contract claim— Defendant's failure to deliver wines purchased with Plaintiff's money or return Plaintiff's money for unpurchased or undeliverable wines. As with Plaintiff's breach of contract claim, the breach of breach of the implied covenant of good faith and fair dealing claim may also be time barred. This claim is dismissed with leave to amend.

### F. Unjust Enrichment

Plaintiff's seventh claim is unjust enrichment. Plaintiff alleges that he and Defendant entered into a contract. Compl. ¶ 83. He asserts that Defendant received money from Plaintiff for the purchase of wines but did not deliver the wines or return Plaintiff's money, totaling at least $1,110,737.42. According to Plaintiff, "Defendant was unjustly enriched by appropriating Plaintiff['s] money which was paid by Plaintiff to Defendant for the delivery of wines." *Id.* at ¶¶ 84-87.

"[I]n California, there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.'" *Astiana v. Hain Celestial Grp., Inc*., 783 F.3d 753, 762 (9th Cir. 2015) (citations omitted). Unjust enrichment and restitution "describe the theory underlying a claim that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request.'" *Id*. "When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" *Id*. (citing *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014). However, "an action based on an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter." *Rutherford*, 223 Cal. App. 4th at 231; *see also Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388 (2012) ("[a] plaintiff may not . . . pursue or recover on a quasi-contract claim if the parties have an enforceable agreement regarding a particular subject matter.").

Here, Plaintiff expressly alleges the existence of an express oral contract between the parties in connection with his unjust enrichment claim. *See* Compl. ¶ 83. A plaintiff may assert inconsistent theories of recovery at the pleading stage, including inconsistent claims alleging both the existence and the absence of an enforceable contract. *See* Fed. R. Civ. P. 8(2)(2), (3); *see also Clear Channel Outdoor, Inc. v. Bently Holdings Cal. LP*, No. C-11-2576 EMC, 2011 WL 6099394, at *9 (N.D. Cal. Dec. 7, 2011) ("even though a plaintiff may not ultimately prevail under both unjust enrichment and breach of contract, it may plead both in the alternative."). However, a plaintiff may not plead the existence of an enforceable contract and simultaneously maintain a quasi-contract claim unless the plaintiff also pleads facts suggesting that the contract may be unenforceable or invalid. *See Klein*, 202 Cal. App. 4th at 1389 (holding that consumers could not maintain unjust enrichment claim based on retail purchases of gasoline, which they alleged were enforceable contractual relationships, where their unjust enrichment claim did not deny the existence or enforceability of the agreements). Here, Plaintiff has not alleged in the alternative that his agreement with Defendant was unenforceable or invalid. Accordingly, he is precluded from asserting a quasi-contract claim under the theory of unjust enrichment. *See id*. at 1389-90; see also *World Surveillance Grp. Inc. v. La Jolla Cove Inv'rs, Inc.*, No. 13-CV-03455-WHO, 2014

WL 1411249, at *2 (N.D. Cal. Apr. 11, 2014) (dismissing unjust enrichment claim because plaintiff explicitly pleaded the existence of enforceable agreements between the parties). Plaintiff's unjust enrichment claim is dismissed with leave to amend.

### G. Breach of Fiduciary Duty

Plaintiff's eighth claim is for breach of fiduciary duty. Plaintiff alleges that "Defendant agreed to undertake to act on behalf of Plaintiff and for the benefit of Plaintiff in the purchase of wines. Furthermore, Defendant is an agent for the purchase of wines. Thus, Defendant has a fiduciary obligation towards Plaintiff." Compl. ¶ 90. Plaintiff alleges that Defendant "breached [his] fiduciary duty by failing to use reasonable care and by failing to provide undivided loyalty." *Id*. at ¶ 92.

To plead a claim for breach of fiduciary duty, "a plaintiff must show the existence of a fiduciary relationship, its breach, and damage caused by the breach." *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007). As discussed above in connection with Plaintiff's concealment fraud claim, Plaintiff has failed to sufficiently allege the existence of a fiduciary relationship between the parties. His breach of fiduciary duty claim is therefore dismissed with leave to amend.

### H. Conversion

Plaintiff's ninth claim for relief is conversion. Plaintiff alleges that he is "the owner of or entitled to immediately possess wines for which he paid Defendant $1,110,737.42 but did not take delivery of." Compl. ¶ 97. Further, he alleges that "Defendant intentionally, wrongfully, and substantially interfered with Plaintiff's interest in the above-described property by taking possession of the wine, failing to deliver the wines to Plaintiff, and refusing to deliver the wines or refund the money paid to Plaintiff after Plaintiff demanded its return." *Id*. at ¶ 98.

"Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." *Farmers Ins. Exchange v. Zerin,* 53 Cal. App. 4th 445, 451 (1997); *G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc*., 958 F.2d 896, 906 (9th Cir. 1992).

Defendant argues that Plaintiff cannot maintain a conversion claim based on his alleged breach of the parties' agreement, arguing that California's economic loss rule precludes this claim. "Conduct amounting to a breach of contract becomes tortious only when it also violates an independent duty arising from principles of tort law." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 515 (1994). In other words, "an omission to perform a contract obligation is never a tort, unless that omission is also an omission to perform a legal duty." *Id.* "[N]o claim for conversion will lie where the right to payment is a mere contractual one." *La Jolla Cove Investors, Inc. v. Sultan Corp.*, No. 11CV1628 JM RBB, 2011 WL 4916138, at *2 (S.D. Cal. Oct. 17, 2011) (citing *Imperial Valley Co. v. Globe Grain & Milling Co.,* 187 Cal. 352, 354 (1921)).

Here, it appears that Plaintiff's conversion claim is based solely on Defendant's alleged duties under the contract, and the amount of damages he seeks is identical to the amount of wine to be delivered and/or money to be returned under the parties' agreement. Plaintiff argues that he has alleged a valid claim for conversion because he alleges that Defendant owed Plaintiff a duty independent of contract, pointing to his allegations that Defendant owed Plaintiff a fiduciary duty, which he breached. *See Compl*. ¶¶ 90-92. However, as discussed above, Plaintiff has not sufficiently alleged that Defendant owed him a fiduciary duty. Accordingly, Plaintiff's conversion claim as pleaded appears to be barred by the economic loss rule. *See, e.g., McGehee v. Coe Newnes/McGehee ULC*, No. C 03-5145 MJJ, 2004 WL 2452855, at *2-3 (N.D. Cal. Feb. 10, 2014) (dismissing conversion counterclaim where "the duty Plaintiffs owed Defendant was only a contractual one"). The claim is dismissed with leave to amend.

## I.      Intentional Interference with Prospective Economic Relations

Plaintiff's tenth claim is for intentional interference with prospective economic relations. He alleges that he and "buyers of fine wine from Plaintiff were in an economic relationship that probably would have resulted in an economic benefit and advantage to Plaintiff when Plaintiff sells fine wine to such buyers." Compl. ¶ 103. Further, he alleges that Defendant "knew that Plaintiff purchased wine for the purpose of reselling them" and thus "knew of the relationship between Plaintiff and buyers of fine wine from Plaintiff." *Id*. at ¶ 104.

To state a claim for intentional interference with prospective economic advantage, a plaintiff must allege the following:

> (1) an economic relationship between the plaintiff and another, containing a probable future economic benefit or advantage to plaintiff, (2) defendant's knowledge of the existence of the relationship, (3) that defendant intentionally engaged in acts or conduct designed to interfere with or disrupt the relationship, (4) actual disruption, and (5) damage to the plaintiff as a result of defendant's acts.

*Della Penna v. Toyota Motor Sales, U.S.A., Inc*., 11 Cal. 4th 376, 439 n.1 (1995) (quotations omitted); *see Sole Energy Co. v. Petrominerals Corp.,* 128 Cal. App. 4th 212, 233 n.7 (2005).

Plaintiff's claim is insufficiently pleaded as to the first element, which applies to "existing noncontractual relations which hold the promise of future economic advantage." *Westside Ctr. Assocs.v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th 507, 524 (1996). The relationship must be one that "eventually will yield the desired benefit, not necessarily the more speculative expectation that a potentially beneficial relationship will eventually arise." *Id.* "Courts have held that, in order to state a claim for intentional interference with prospective business advantage, it is essential that the Plaintiff allege facts showing that Defendant interfered with Plaintiff's relationship with a particular individual." *Damabeh v. 7-Eleven, Inc.,* No. 12-CV-01739 LHK, 2013 WL 1915867, at *10 (N.D. Cal. May 8, 2013) (citing *Westside*, 42 Cal. App. 4th at 527). "Allegations that a defendant interfered with the plaintiff's relationship with an 'as yet unidentified' customer will not suffice." *Id.* (citing *Westside*, 42 Cal. App. 4th at 527). Here, Plaintiff alleges only that he and unnamed buyers of fine wine were "in an economic relationship that probably would have resulted in an economic benefit and advantage to Plaintiff." Compl. ¶ 103. This allegation is speculative and insufficient. *See Westside*, 42 Cal. App. 4th at 527 (holding that "[w]ithout an existing relationship with an identifiable buyer, [plaintiff's] expectation of a future sale was 'at most a hope for an economic relationship and a desire for future benefit.'" (internal citations omitted)).

Plaintiff also does not allege that Defendant intentionally acted to disrupt Plaintiff's relationships with his potential wine buyers. Instead, he alleges that Defendant engaged in the alleged conduct so that he could keep Plaintiff's money to pay his legal bills. *Id.* at ¶ 16. At most,

this is merely incidental interference that was not "designed" or intended to disrupt Plaintiff's relationships.

Plaintiff's intentional interference claim is dismissed with leave to amend.

### J. Negligence-Based Claims

Plaintiff's fourth, eleventh, and thirteenth claims are for negligent misrepresentation, negligent interference with prospective economic relations, and negligence. As to the negligent misrepresentation claim, Plaintiff alleges three misrepresentations by Defendant: 1) Defendant's representation regarding the authenticity of the Jayer wines; 2) Defendant's representation in April 2011 that he would deliver wines to Plaintiff as they were purchased; and 3) Defendant's representation in April 2015 that he would deliver the remaining wines already purchased and return Plaintiff's money for unpurchased or undeliverable wines by the end of 2015. Compl. ¶¶ 55-56, 61, 62. Plaintiff's negligent interference claim is based on his allegation that Plaintiff was in economic relationships with "buyers of fine wine . . . that probably would have resulted in an economic benefit and advantage to Plaintiff when Plaintiff sells wine to such buyers," and that Defendant disrupted those relationships by failing to act with reasonable care. *Id*. at ¶¶ 110-113. With respect to the negligence claim, Plaintiff alleges simply that Defendant was negligent with respect to the conduct as described in the complaint. *Id*. at ¶ 120.

Under California law, to state a claim for negligent misrepresentation, Plaintiff must allege that Defendant made: (1) a misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed, and (5) resulting damage. *Glenn K. Jackson Inc. v. Roe,* 273 F.3d 1192, 1201 n.2 (9th Cir. 2001). "As with any negligence claim, the tort of negligent misrepresentation requires that [a plaintiff] allege a duty of care." *Plastino v. Wells Fargo Bank*, 873 F. Supp. 2d 1179, 1190 (N.D. Cal. 2012).

To state a claim for negligent interference, Plaintiff must allege that "(1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the

relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship." *UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*, 117 F. Supp. 3d 1092, 1118 (C.D. Cal. 2015) (quotation omitted). "The tort of negligent interference with economic relationship arises only when the defendant owes the plaintiff a duty of care." *Lange v. TIG Ins. Co*., 68 Cal.App.4th 1179, 1187 (1998).

The elements of a negligence claim are (1) existence of duty to exercise due care, (2) breach of duty, (3) causation, and (4) damages. *Id.* A negligent misrepresentation claim is subject to Rule 9(b)'s particularity requirements. *See Neilson v. Union Bank of Cal., N.A.,* 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003) (noting that "[i]t is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements.").

Here, all three negligence claims must be dismissed because Plaintiff has not alleged that Defendant owed him a duty of care. The negligent misrepresentation and negligent interference claims suffer from additional shortcomings. As to the negligent misrepresentation claim, as noted above, the allegations must be specific enough to give Defendant notice of the particular misconduct that is alleged to constitute the fraud so that it can defend against the claim. *See Bly– McGee,* 236 F.3d at 1019. Defendant challenges only the sufficiency of the alleged misrepresentation regarding the authenticity of the Jayer wines. As discussed above, the complaint fails to allege facts establishing that Defendant actually made a false statement regarding the authenticity of the allegedly fake Jayer wines. Plaintiff does not specify the "time, place, and specific content" of the alleged misrepresentations by Defendant that the Jayer wines were authentic.

Regarding the negligent interference claim, Plaintiff has not sufficiently alleged the existence of an economic relationship between Plaintiff and a third party which contained a

reasonably probable future economic benefit or advantage to Plaintiff, as discussed above in connection with the intentional interference claim.

Accordingly, Plaintiff's negligent misrepresentation, negligent interference with prospective economic relations, and negligence claims are dismissed with leave to amend.

### K.    Unfair Competition

Plaintiff's twelfth claim is for violation of California's Unfair Competition Law, California Business and Professions Code section 17200 ("UCL").  He alleges that "by engaging in the conduct described [in the complaint], [Defendant] has engaged in 'unfair, unlawful and fraudulent business act or practice and unfair, deceptive untrue or misleading advertising' in violation" of the UCL.  Compl. ¶ 116.

Under Section 17200, unfair competition is defined as "any unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."  *See* Cal. Bus. & Prof. Code § 17200.  A business practice is "unlawful" under section 17200 if it violates an underlying state or federal statute or common law.  *See Cal-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).  An act is "unfair" if the act "threatens an incipient violation of a [competition law], or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law."  *Id*. at 187.  To the extent the claims sound in fraud, they are subject to the heightened pleading standards of Rule 9(b).  *See Kearns*, 567 F.3d at 1125.  Additionally, "[a] plaintiff alleging unfair business practices under the unfair competition statutes 'must state with reasonable particularity the facts supporting the statutory elements of the violation.'"  *Silicon Knights, Inc. v. Crystal Dynamics, Inc*., 983 F. Supp. 1303, 1316 (N.D. Cal. 1997) (quoting *Khoury v. Maly's of California*, 14 Cal. App. 4th 612, 619 (1993)).

Here, Plaintiff has failed to state "with reasonable particularity" the facts supporting this claim.  Plaintiff does not specifically identify any conduct that he alleges is unfair, unlawful, or fraudulent for the purposes of the UCL, and as discussed above, Plaintiff has not adequately stated any fraud-based claims.  Further, "the central issue presented under [the UCL] is whether the public at large, or consumers generally, are affected by the alleged . . . business practice of

defendants." *In re Webkinz Antitrust Litig.*, 695 F. Supp. 2d 987, 998-99 (N.D. Cal. 2010). Plaintiff does not allege that Defendant's actions "state a connection to the protection of the general public." *See id*. Instead, Plaintiff alleges only harm to himself based on Defendant's alleged breach of their agreement. He has accordingly failed to state a UCL claim. The UCL claim is dismissed with leave to amend.

### L. Common Count

Plaintiff's fourteenth claim for relief is common count. Common count is a "simplified form[s] of pleading normally used to aver the existence of various forms of monetary indebtedness." *McBride v. Boughton*, 123 Cal. App. 4th 379, 394 (2004). "'When a common count is used as an alternative way of seeking the same recovery demanded in a specific [claim], and is based on the same facts,' it does not survive if the underlying claim does not survive." *McAfee v. Francis*, No. 5:11-CV-00821-LHK, 2011 WL 3293759, at *2 (N.D. Cal. Aug. 1, 2011) (citing *McBride*, 123 Cal. App. 4th at 394 ("[The Plaintiff's] common count must stand or fall with his first cause of action.")). Since Plaintiff's common count claim is derivative of his breach of contract claim, the common count is also dismissed with leave to amend.

### M. Account Stated

Plaintiff's fifteenth claim is account stated. "An account stated is 'an agreement, based on the prior transactions between the parties, that the items of the account are true and that the balance struck is due and owing from one party to another.'" *Nat'l Ins. Co. of Hartford v. Expert Auto. Reconditioning, Inc.*, No. SACV 13-0873-DOC, 2013 WL 6190591, at *3 (C.D. Cal. Nov. 24, 2013) (quoting *Gleason v. Klamer*, 103 Cal. App. 3d 782, 786 (1980)). "An account stated constitutes a new contract which supersedes and extinguishes the original obligation." *Zinn v. Fred R. Bright Co.*, 271 Cal. App. 2d 597, 600 (1969) (citations omitted). Thus, an "action upon an account stated is not upon the original dealings and transactions of the parties," rather it is "upon the new contract by and under which the parties have adjusted their differences and reached an agreement." *Martini E Ricci Iamino S.P.A.--Consortile Societa Agricola v. Trinity Fruit Sales Co.*, 30 F. Supp. 3d 954, 976 (E.D. Cal. 2014) (citations omitted).

To establish an account stated claim, a plaintiff must show: "(1) previous transactions

between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due." *Zinn*, 271 Cal. App. 2d at 600 (citations omitted). The agreement necessary to establish an account stated need not be express and may be implied from the circumstances. *Martini E Ricci*, 30 F. Supp. 3d at 976 (citations omitted). Here, Plaintiff has sufficiently alleged the elements of an account stated claim. He alleges that Defendant owes him $1,110,737.42 based on their prior dealings and that "Defendant admitted that he owed Plaintiff money." Compl. ¶¶ 16, 128. He also alleges that Defendant, "by words or conduct, agreed that the amount stated . . . was the correct amount owed to Plaintiff," and that "Defendant, by words or conduct, promised to pay the stated amount." Compl. ¶¶ 129-30.

Defendant argues that in order to allege account stated, Plaintiff must allege the existence of a writing that sets forth the state of the parties "account," and the balance owed by one to the other. Reply 9 (quoting *Coffee v. Williams*, 103 Cal. 550, 556 (1894)). However, more recent cases indicate that that is no longer the rule. *See Truestone, Inc. v. Simi West Industrial Park II*, 163 Cal. App. 3d 715, 726 (1984) ("an account stated . . . need not be in writing" (citing *Fogarty v. McGuire*, 170 Cal. App. 2d 405, 409 (1959); *Mitchell v. Fleming*, 77 Cal. App. 241, 245 (1926)); *see also Boehmke v. Westfall*, 106 Cal. App. 754, 757 (1930) (stating it is settled "that a writing is not essential to the creation of an account stated."). Indeed, Judicial Council of California Civil Jury Instruction 373 provides that an agreement may be formed "by words or conduct." CACI 373. Accordingly, Defendant's motion to dismiss Plaintiff's account stated claim is denied.

### N.     Claim and Delivery

Plaintiff's sixteenth claim is claim and delivery. Claim and delivery is not a separate action but a remedy to return specific property and to award incidental damages. *Adler v. Taylor*, No. 04-8472-RGK(FMOX), 2005 WL 4658511, at *3 (C.D. Cal. Feb. 2, 2005). In California, courts use claim and delivery which is identical to the federal remedy of replevin. *Id.* An action for claim and delivery requires a plaintiff to show a right to possession and the defendant's wrongful possession of the property at issue. *Id*; *see Stalcup v. Liu*, No. 11-00002-JSW, 2011 WL

1753493, at *6 (N.D. Cal. April 22, 2011); Cal. Civ. Code § 3379; Cal. Civ. Proc. Code § 512.010.

Plaintiff's claim and delivery action is based on Defendant's allegedly wrongful possession of $1,110,737.42 belonging to Plaintiff. Compl. ¶ 134. However, for claim and delivery, "it is essential that the specific personal property claimed should be described with a reasonable degree of certainty; and, as a rule, money is not the subject of such an action unless it be marked or designated in some manner so as to make it specific as regards its capability of identification." *Hillyer v. Eggers*, 32 Cal. App. 764, 766 (1917) (citations omitted). Here, Plaintiff does not allege that the money allegedly owed by Defendant is "marked or designated in some manner" that makes it capable of specific identification. *See id.*; *see also Sharon v. Nunan*, 63 Cal. 234, 234-35 (1883) (holding that replevin was a proper remedy for recovery of money in "gold and silver coins, sealed up in a canvas bag, marked with a tag" and held in a vault). Accordingly, he has failed to state a claim for claim and delivery. This claim is dismissed with leave to amend.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted in part and denied in part. All claims except the fifteenth claim for account stated are dismissed with leave to amend. Any amended complaint must be filed within two weeks of the date of this order. The initial case management conference is set for August 16, 2017 at 1:30. The parties' joint case management conference statement must be submitted by August 9, 2017.

**IT IS SO ORDERED.**

Dated: June 14, 2017



_____
Donna M. Ryu
United States Magistrate Judge